1
2
3
4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# Mar 07, 2023

SEAN F. McAVOY, CLERK

5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7   GARY A.,                                No. 1:21-CV-03092-ACE

8
9        Plaintiff,                         ORDER GRANTING
                                            PLAINTIFF'S MOTION
10       v.                                 FOR SUMMARY JUDGMENT

11
12  KILOLO KIJAKAZI,                        ECF Nos. 15, 16
    ACTING COMMISSIONER OF
13  SOCIAL SECURITY,

14       Defendant.

15

16       **BEFORE THE COURT** are cross-motions for summary judgment.

17  ECF Nos. 15, 16.  Attorney Tree represents Gary A. (Plaintiff); Special Assistant

18  United States Attorney Moum represents the Commissioner of Social Security

19  (Defendant).  The parties have consented to proceed before a magistrate judge.

20  ECF No. 4.  After reviewing the administrative record and the briefs filed by the

21  parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and

22  **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter

23  for further proceedings under sentence four of 42 U.S.C. § 405(g).

24                              **JURISDICTION**

25       Plaintiff filed applications for benefits on July 17, 2014, alleging disability

26  since February 1, 2013.  Tr. 289-313.  The applications were denied initially and

27  upon reconsideration.  Administrative Law Judge (ALJ) Meyers held a hearing on

28  May 17, 2017, and issued an unfavorable decision on March 10, 2018.  Tr. 13-34.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

1  This Court subsequently remanded the matter.  Tr. 782-90.  The ALJ held a second
2  hearing on January 4, 2021, and issued an unfavorable decision.  Tr. 711-39.
3  Plaintiff appealed this final decision of the Commissioner on July 12, 2021.  ECF
4  No. 1.

**STANDARD OF REVIEW**

6  The ALJ is responsible for determining credibility, resolving conflicts in
7  medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035,
8  1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with
9  deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*,
10 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed
11 only if it is not supported by substantial evidence or if it is based on legal error.
12 *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is
13 defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at
14 1098.  Put another way, substantial evidence is such relevant evidence as a
15 reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*
16 *Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305
17 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational
18 interpretation, the Court may not substitute its judgment for that of the ALJ.
19 *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,
20 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or
21 if conflicting evidence supports a finding of either disability or non-disability, the
22 ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230
23 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be
24 set aside if the proper legal standards were not applied in weighing the evidence
25 and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839
26 F.2d 432, 433 (9th Cir. 1988).
27   //
28   //

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 17, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 1, 2013, the alleged onset date. Tr. 720.

At step two, the ALJ determined Plaintiff had the following severe impairments: ADHD, depressive disorder; and personality disorder. Tr. 720.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 721.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform medium work, subject to the following limitations: he is limited to unskilled, repetitive, routine tasks in two-hour increments; can have no contact with the public; can work in proximity to

coworkers but not in coordination with coworkers; and can have occasional contact with supervisors. Tr. 723.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 730.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 730.

The ALJ thus concluded Plaintiff was not disabled from February 1, 2013, through the date of the decision. Tr. 731.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; and (B) whether the ALJ properly evaluated Plaintiff's subjective complaints. ECF No. 15 at 2.

## DISCUSSION

**A.    Medical Opinions**

Because Plaintiff filed his applications before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original). An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Id*. An ALJ may reject the opinion of a nonexamining physician by

reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted). Plaintiff argues the ALJ misevaluated four sets of medical opinions. ECF No. 15 at 11-21. As discussed below, the Court concludes the ALJ misevaluated certain medical opinion evidence.

### 1. *Emma Billings, Ph.D*

Dr. Billings examined Plaintiff on August 15, 2015, and opined, as relevant here, "it is likely that he would have problems working in an environment where there is high stress and time pressures" and "he does exhibit a personality disorder that likely is an interference in work relationships and performance." Tr. 541. The ALJ rejected these portions of the opinion as equivocal, pointing to the doctor's use of the word likely. Tr. 726. This finding was reasonable, as these portions of the opinion do not offer concrete functional limitations. "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ was thus within his discretion to reject speculative and equivocal statements from the provider. *See, e.g.*, *Shelly A. O. v. Comm'r of Social Sec. Admin.*, 2020 WL 3868504, at *10 (D. Or. Jul. 8, 2020) ("An ALJ is not required to incorporate limitations phrased equivocally into the [RFC]."); *Khal v. Colvin*, 2015 WL 5092586, at *7 (D. Or. Aug. 27, 2015), *aff'd sub nom*, *Khal v. Berryhill*, 690 F. App'x 499 (9th Cir. Apr. 28, 2017). Accordingly, the ALJ did not err by discounting this portion of Dr. Billings' opinion.

### 2. *Philip G. Barnard, Ph.D and Aaron Burdge, Ph.D*

Dr. Barnard examined Plaintiff on June 26, 2014, conducting a clinical interview and performing a mental status examination. Tr. 412-18. Dr. Barnard opined Plaintiff was markedly limited in understanding, performing, and persisting in tasks by following detailed instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances

1    without special supervision, learning new tasks, performing routine tasks without
2    special supervision, communicating and performing effectively in a work setting,
3    and setting realistic goals and planning independently; and severely limited in
4    completing a normal work day and workweek without interruptions from
5    psychologically based symptoms and maintaining appropriate behavior in a work
6    setting.  Tr.  416.  Dr. Burdge reviewed and largely adopted Dr. Barnard's assessed
7    limitations.  Tr. 421-22.

8            The ALJ first discounted the opinions on the ground Dr. Barnard "performed
9    a single evaluation and reviewed no treatment notes."  Tr. 726.  This reason is
10   legally erroneous, as there is no requirement examining doctors who perform one
11   evaluation – and necessarily assess functioning at the time of the evaluation –
12   review treatment notes. *See, e.g.*, *Walshe v. Barnhart*, 70 F. App'x 929, 931 (9th
13   Cir. 2003) (stating "Social Security regulations do not require that a consulting
14   physician review all of the claimant's background records"); *Xiomara F. v.
15   Comm'r of Soc. Sec.*, 2020 WL 2731023, at *2 (W.D. Wash. May 26, 2020)
16   ("There is no requirement an examining doctor review records prior to rendering
17   an opinion."); *Chlarson v. Berryhill*, No., 2017 WL 4355908, at *3 (W.D. Wash.
18   July 28, 2017) ("[N]ot reviewing plaintiff's prior medical records is not a
19   legitimate basis for the failure to credit fully Dr. Czysz's opinion, as Dr. Czysz
20   examined plaintiff and performed a MSE[.]"), *report and recommendation
21   adopted*, 2017 WL 3641907 (W.D. Wash. Aug. 24, 2017); *Al-Mirzah v. Colvin*,
22   2015 WL 457800, at *8 (W.D. Wash. Feb. 3, 2015) ("This rationale, taken to its
23   logical extreme, would allow for the rejection of any and all medical opinions
24   rendered prior to the admission of the claimant's most recent treatment notes into
25   the administrative record.").  The ALJ accordingly erred by discounting the
26   opinions on this ground.

27           The ALJ next discounted the opinions on the ground Dr. Barnard's opinion
28   was "internally inconsistent."  Tr. 726.  In support, the ALJ noted the opinion

"indicates marked limitations in various aspects of cognitive function (including an ability to learn new tasks) but also that the claimant would have only mild difficulties with attention and concentration in a work setting." Tr. 726. This is not a legitimate inconsistency, as the two are not mutually exclusive. Dr. Barnard's assessment concerning Plaintiff's "difficulty with attention and concentration," Tr. 415, is separate and apart from his assessment concerning, for example, his assessed limitations concerning Plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and maintaining appropriate workplace behavior in a work setting, Tr. 416. Both assessments concern discrete functional limitations.[1] While an ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings, *see Tommasetti*, 533 F.3d at 1041, the ALJ must present a rational and accurate interpretation of the medical evidence, *see Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Because the ALJ did not do so here, he necessarily erred by discounting the opinions on this ground.

The ALJ also discounted the opinions on the ground Dr. Barnard's opinion was "not consistent with the overall record." Tr. 726. In support, the ALJ noted Plaintiff "reported to providers that he was doing well and had few or no symptoms" and "often made little mention of problems with social function or denied such problems," and presented with "unremarkable mental status findings" and "no acute distress." Tr. 727. Substantial evidence does not support this ground, and the ALJ's finding is legally erroneous under Ninth Circuit precedent. *See Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating

---

[1] Similarly, to the extent the ALJ discounted the doctors' opinion as inconsistent with Plaintiff's memory testing results, Tr. 727, this too is an unreasonable inconsistency, as memory and concentration are distinct abilities.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). The record reflects Plaintiff presented over the years with psychological symptoms of varying intensity. *See, e.g.*, Tr. 426 (May 2, 2014, treatment note indicating PHQ-9 depression severity at 11); Tr. 432 (February 4, 2014, treatment note indicating PHQ-9 depression severity at 4); Tr. 441 (December 17, 2013, treatment note indicating PHQ-9 depression severity at 15 and suicidal ideation); Tr. 975 (September 27, 2017, treatment note indicating "feel[ing] depressed at least 3 or 4 days a week"); Tr. 1019 (July 6, 2020, treatment note indicating PHQ-9 depression severity at 10). That Plaintiff reported doing well and presented with no acute distress at times is thus not inconsistent with Plaintiff experiencing waxing-and-waning mental health symptoms at other times. The ALJ accordingly erred by discounting the opinions on this ground.

Fourth, the ALJ discounted the opinions as inconsistent with Plaintiff's activities, pointing to Plaintiff's ability to "manage his money; use a budget; and shop on his own," as well as "do his own laundry … cook for himself" and "negotiate a price and buy a camper from a friend" and "negotiate a price for a hotel room." Tr. 727. Plaintiff's minimal activities are neither inconsistent with

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

nor a valid reason to discount the doctors' opinions.  *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at, 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).  Similarly, Plaintiff's minimal activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603).

Moreover, the ALJ's recitation of Plaintiff's minimal activities omits a significant detail: Plaintiff has been homeless for much, if not all, of the relevant period. *See* Tr. 49 (indicating homelessness from 2013 to at least 2017); Tr. 414 (indicating living "in a small trailer with all the windows broken out" and with "no running water or heat" in 2013); Tr. 442 (indicating homelessness in 2013); Tr. 986 (indicating homelessness in 2018); Tr. 941 (indicating homelessness in 2019: "staying in a shack located near the freeway, and is unsure as to how long he will be able to stay there before being either arrested or made to leave"); Tr. 1045 (indicating homelessness in 2019); Tr. 1011 (indicating homelessness in 2020).  And further still, the ALJ's assessment of Plaintiff's ability to "negotiate" a price for a camper and hotel room lacks an evidentiary basis.  *See* Tr. 727 (citing Tr. 1032).  There is no evidence – let alone substantial evidence – that Plaintiff "negotiated" a price for either.  The single treatment note discussing these transactions merely reflects that Plaintiff paid for a trailer and was "able to advocate" for a reduction in a hotel room's rate.  Tr. 1032.  In the context of this

psychotherapy report assessing Plaintiff's depression, Plaintiff's ability to advocate is reasonably read as being able to advocate for oneself, nothing more. "Advocate" is not synonymous with "negotiate." Nevertheless, the ALJ erroneously found Plaintiff negotiated for both a trailer and a hotel room. As to the former, this is a conclusion without a basis, as the record solely indicates Plaintiff "purchased" a trailer. As to the latter, the ALJ misconstrued the professional terminology. The ALJ accordingly erred by discounting the doctors' opinions on this ground.

Finally, the ALJ specifically rejected Dr. Barnard's opinion that Plaintiff has "significant limitations in completing a normal workday/workweek and maintaining regular attendance." Tr. 727. The ALJ rejected this portion of the opinion as a "legal conclusion that is reserved to the Commissioner." Tr. 727. This was error. While "opinions as to disability are reserved to the Commissioner," SSR 96-5p, Dr. Barnard's assessed functional limitation is not such an opinion. *See also* 20 C.F.R. § 416.927(d) ("Whether a claimant is disabled or unable to work is an issue reserved to the Commissioner, and an opinion on such an issue is not entitled to any specific significance."). The ALJ accordingly erred by discounting the opinions on this ground.

The ALJ accordingly erred by discounting the doctors' opinions.

### 3.    *Wendi Wachsmuth, Ph.D, RA Cline, Psy.D, Tasmyn Bowes, Psy.D*

Dr. Wachsmuth examined Plaintiff on October 8, 2013, and opined, among other things, Plaintiff was moderately limited in completing a normal workday and workweek without interruptions from psychologically-based symptoms. Tr. 412-13. Dr. Cline examined Plaintiff on May 24, 2016, and opined Plaintiff was markedly limited in communicating and performing effectively in a work setting and moderately limited in, among other things, completing a normal workday and workweek without interruptions from psychologically-based symptoms. Tr. 544-45. Dr. Bowes examined Plaintiff on April 24, 2018, assessed Plaintiff's anxiety and depression as "moderate, and opined Plaintiff was markedly limited in

understanding, remembering, and persisting in tasks by following detailed instructions and moderately limited in, among other things, completing a normal workday and workweek without interruptions from psychologically-based symptoms.  Tr. 988-89.

The ALJ discounted the doctors' opinions on the ground "they reviewed no treatment notes."  Tr. 728.  As discussed above, this is not a valid reason to discount the opinion of examining doctors.  The ALJ also rejected the doctors' opinions concerning Plaintiff's ability to complete a normal workday/workweek and maintain regular attendance.  As discussed above, the ALJ erred by discounting the opinions on this ground.  The ALJ accordingly erred by discounting the opinions on these grounds.

Finally, as to Dr. Cline specifically, the ALJ rejected her assessment that Plaintiff was markedly limited in "communicating *and* performing effectively in a work setting."  Tr. 728 (emphasis added).  The ALJ found the doctor "did provide specific rationale to explain this limitation," but curiously noted she "did not specify whether she was indicating 'communicating' or 'in performing,'" seemingly questioning whether the word "and" was used conjunctively or disjunctively.  Tr. 728.  However, "'and' means 'and.'" *United States v. Lopez*, 998 F.3d 431, 433 (9th Cir. 2021).  The ALJ's apparent rejection of this portion of the opinion based on this purported ambiguity was thus unreasonable.  The ALJ also rejected Dr. Cline's assessed "communication problems" as inconsistent with "her observations that the claimant had normal speech, and was polite and cooperative."  Tr. 728.  This is not a reasonable inconsistency.  Plaintiff's performance during his clinical interview with Dr. Cline – conducted in a close and sterile setting with a psychiatric professional – is not reasonably inconsistent with Dr. Cline's opined limitations concerning Plaintiff's ability to, among other things, complete a normal workday and workweek without interruptions from psychologically-based symptoms.

The ALJ accordingly erred by discounting the doctors' opinions.

### 4.    *M. Neil Anderson, LICSW*

Mr. Anderson began treating Plaintiff on a consistent basis in May 2015. *See* Tr. 708.  On June 8, 2017, Mr. Anderson prepared a mental source statement, wherein he opined Plaintiff had a variety of moderate, marked, and severe functional limitations, would be off task "over 30%" of the time during a 40-hour workweek, and would miss "4 or days per month" if attempting to work a 40-hour work schedule.  Tr. 704-06.  The ALJ gave Mr. Anderson's opinion "little weight." Tr. 728.

The ALJ first discounted Mr. Anderson's opinion as "poorly supported and inconsistent with the longitudinal record."  Tr. 728.  An ALJ's rejection of a clinician's opinion on the ground that it is contrary to unspecified evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed."  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).  The ALJ accordingly erred by discounting Mr. Anderson's opinion on this ground.

The ALJ also discounted the opinion on the ground "Mr. Anderson did not provide a completed evaluation with objective findings consistent with such limitations."  Tr. 729.  This is not a valid ground to discount an opinion concerning mental impairments:

> Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.  In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness.

*Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981).  The record indicates the opinion was based on clinical observations and does not indicate Mr. Anderson found Plaintiff to be untruthful.  Therefore, this is no evidentiary basis for rejecting the opinion.  *Cf. Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology.  Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient.  But such is the nature of psychiatry.  Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").  The ALJ accordingly erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting Mr. Anderson's opinion.

**B.    Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 13 at 4-13. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 724-25. However, because the ALJ erred by discounting three sets of medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with his activities. However, as discussed above, the minimal activities the ALJ cites do not sufficiently undermine Plaintiff's claims. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

## SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical opinions and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

On remand, the ALJ shall reevaluate the opinions of Drs. Barnard, Burdge, Wachsmuth, Cline, and Bowes and Mr. Anderson, reassess Plaintiff's testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14

proceedings under sentence four of 42 U.S.C. § 405(g). Therefore, **IT IS HEREBY ORDERED:**

      1.    Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

      2.    Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

      The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

      **IT IS SO ORDERED.**

      DATED March 7, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE